UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IVY COACH INC.,

                Plaintiff,

-v-

VALERII KAFIDOV A/K/A VALERII KAFIDOFF
D/B/A BEST COLLEGE ADMISSION
CONSULTANTS, ET AL.,

                Defendants.

CIVIL ACTION NO.: 23 Civ. 09730 (JPC) (RFT)

**OPINION AND ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

By Order of Reference dated February 29, 2024, Judge John P. Cronan referred this case to Magistrate Judge Jennifer E. Willis for general pretrial purposes, including scheduling, discovery, and settlement. (*See* ECF 11.) On March 1, 2024, the referral was reassigned to me. On March 5, 2024, Plaintiff, which alleges, among other claims, violations by Defendants of the Lanham Act and New York General Business Law §§ 349-350, filed a motion for service by email pursuant to Federal Rule of Civil Procedure 4(f)(3) of Defendant Valerii Kafidov a/k/a Valerii Kafidoff d/b/a Best College Admission Consultants ("Best College Admission Consultants"). (*See* ECF 13, Pl.'s Mot. to Serve.) Plaintiff alleges that Kafidov is located in Ukraine. (*See* ECF 14, Pl.'s Mem. in Support of Mot. to Serve at 1.) For the reasons set forth below, Plaintiff's motion is GRANTED.

**BACKGROUND**

On November 3, 2023, Plaintiff filed a complaint seeking injunctive relief and damages, "under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a))[,] Sections 349 and 350 of the

New York General Business Law, and state law claims of trade libel/commercial disparagement and libel, arising from the publication and use in commerce of false, misleading, disparaging, and defamatory statements" by Best College Admission Consultants about Plaintiff's consulting services. (*See* ECF 1, Compl. ¶ 1.)

The website bestcollegeadmissionconsultants.com purportedly offers independent and unbiased reviews of college admissions consulting services. (*See* ECF 14, Pl.'s Mem. in Support of Mot. to Serve at 2.) The website lists as its contact information the email address contact@bestcollegeadmissionconsultants.com. (*See* ECF 15, Declaration of Margaret Scoolidge in Support of Mot. to Serve ("Scoolidge Decl.") ¶ 4.)

After filing its complaint, Plaintiff's counsel conducted a WHOIS ICANN Lookup search for the domain bestcollegeadmissionconsultants.com to identify the owner of the website and contact information. (*See* ECF 14, Pl.'s Mem. in Support of Mot. to Serve at 2; ECF 15, Scoolidge Decl. ¶ 8.) The results of the WHOIS ICANN Lookup search revealed Namecheap Inc. as the Domain Name Registrar for www.bestcollegeadmissionconsultants.com. (*See* ECF 15, Scoolidge Decl. ¶ 9.) Additional discovery provided by Namecheap Inc. ultimately showed that Valerii Kafidov (or Valerii Kafidoff) was the owner of www.bestcollegeadmissionconsultants.com and that Kafidov had an address of Velyka Vasylkivska Street, 134 (Chervonoarmiiska Street, 134), Kyiv, Ukraine 03150; and an email address of valeriikafidov@gmail.com. (*See id.* ¶ 10.) On December 5, 2023, Plaintiff amended the Complaint to include Kafidov as a defendant. (*See* ECF 7, Amended Complaint ("AC").)

On December 7, 2023, two days after filing the AC, Plaintiff's counsel initiated the service of process on Kafidov pursuant to Rule 4(f)(1) using the Hague Service Convention. (*See*

ECF 15, Scoolidge Decl. ¶ 12.) Plaintiff's counsel relied on the United States Postal Service first class registered mail with return receipt to send the following materials to the Central Authority in Ukraine: a detailed cover letter, the Civil Action Cover Sheet (ECF 2), the Rule 7.1 Statement (ECF 3), the AC (ECF 7), information about the identity of Best College Admission Consultants, the Summons (ECF 9), and the model form requesting service (together, the "Hague Service Documents"). (*See* ECF 15, Scoolidge Decl. ¶¶ 12, 15; ECF 15-3, Scoolidge Decl. Ex. C (Hague Service Documents).) United States Postal Service Tracking shows that the Hague Service Documents were delivered to the Central Authority in Ukraine on January 16, 2024, but Plaintiff's counsel has not received the return receipt for this delivery or been contacted by the Central Authority in Ukraine. (*See* ECF 15, Scoolidge Decl. ¶ 17.)

Plaintiff's counsel also emailed and mailed courtesy copies of the Hague Service Documents directly to Kafidov. (*See id.* ¶ 14.) United States Postal Service Tracking shows that the courtesy copies of the Hague Service Documents mailed to Kafidov were delivered on February 13, 2024. (*See id.* ¶ 18.)

Plaintiff's emails to the Central Authority in Ukraine and to Kafidov and Best College Admission Consultants did not bounce back and were not returned as "undeliverable," thereby demonstrating the relevant email addresses are valid and operational. (*See id.* ¶ 16.) Nevertheless, Plaintiff has not been contacted by Kafidov or any representative of Best College Admission Consultants. (*See id.* ¶ 19.) As a result of the difficulties associated with serving Kafidov, Plaintiff has requested authorization of service by email of Kafidov pursuant to Federal Rule of Civil Procedure 4(f)(3).

**ANALYSIS**

**I.      Plaintiff Has Demonstrated That Kafidov Likely Resides In Ukraine**

Plaintiff claims that based on its "best belief and their counsel's diligent efforts, [Kafidov] resides in the country of Ukraine." (ECF 14, Pl.'s Mem. in Support of Mot. to Serve at 4.) I agree that Plaintiff has demonstrated that it is likely that Kafidov resides in Ukraine. Plaintiff reviewed Best College Admission Consultants' website to identify all contact information. (*See* ECF 15, Scoolidge Decl. ¶ 4.) Plaintiff's counsel conducted a WHOIS ICANN Lookup search for the domain www.bestcollegeadmissionconsultants.com to identify the owner of the website and contact information (*see id.* ¶ 9), and Courts in this District have held that litigants may reasonably rely on "WHOIS" searches when attempting to identify a website's registration information. *See, e.g.*, *Kelly Toys Holdings, LLC v. Top Dep't Store*, No. 22-CV-0558 (PAE), 2022 WL 3701216, at *7 (S.D.N.Y. Aug. 26, 2022). The WhOIS search led Plaintiff to Namecheap Inc. as the Domain Name Registrar. (*See* ECF 15, Scoolidge Decl. ¶ 9.) Discovery from Namecheap Inc. identified Kafidov as the owner of the domain and his physical address in Ukraine. (*See id*. ¶ 10.)

**II.     Service By Email Is Appropriate In This Matter**

    A.      <u>Legal Framework for Service Under Rule 4(f)(3)</u>

Courts have authority under Federal Rule of Civil Procedure 4(f)(3) to order service on an individual at a place not within a judicial district of the United States "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service under Rule 4(f)(3) "is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Advanced Aerofoil*

4

*Techs., AG v. Todaro*, No. 11-CV-9505 (ALC) (DCF), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) (internal quotation marks omitted). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (internal quotation marks omitted).

Service ordered pursuant to Rule 4(f)(3) must "comport[ ] with constitutional notions of due process." *S.E.C. v. Anticevic*, No. 05-CV-6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009). In addition, Courts in this District "generally impose two additional threshold requirements before authorizing service under Rule 4(f)(3): (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd.*, 312 F.R.D. 329, 332 (quoting *Devi v. Rajapaska,* No. 11-CV-6634 (NRB), 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012) (internal quotation marks omitted)).

B.   <u>Service by Email in this Matter Is Not Prohibited by International Agreement</u>

Ukraine is a signatory to the Hague Convention.[1] Ukraine has objected to Article 10(a) of the Hague Convention, which provides for service by direct postal channels. *See Doe v. Nathaniel Fry*, No. 10-CV-0825 (DAB), 2011 WL 13298563, at *2 n.3 (M.D. Fla. July 7, 2011). However, there is no indication that this objection extends to service by email. And many Courts in this District have "declined to extend countries' objections to specific forms of service

---

[1]   *See* Status Table, Members of the Organisation, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table (last visited March 15, 2024).

5

permitted by Article 10 of the Hague Convention." *Sulzer*, 312 F.R.D. at 331 (collecting cases); *see also Fed'n of the Swiss Watch Indus. FH v. Bestintimes.me*, No. 22-CV-62000 (RAR), 2022 WL 17987245, at *2 (S.D. Fla. Nov. 3, 2022) (holding that Ukraine has not expressly objected to service via email).[2] Accordingly, service by email does not violate an international agreement.

C. <u>Email Service Would Comport with Due Process</u>

To comport with due process, a method of service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Sulzer*, 312 F.R.D. at 331 (quoting *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014) (internal quotation marks omitted)); *see also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Plaintiff has demonstrated that service by email meets this standard. Plaintiff cites to cases where this Court has, as a matter of course, granted leave for a plaintiff to effectuate service by email where: (1) the defendants conducted their businesses over the internet; (2) the defendants used email regularly in their businesses; and (3) email is likely to reach defendants. (*See* ECF 14, Pl.'s Mem. in Support of Mot. to Serve at 7.) It is clear that Kafidov conducted his business over the internet, because Best College Admission Consultants provides reviews of college admissions consultants on its webpage. (*See* ECF 14, Pl.'s Mem. in Support of Mot. to Serve at 2.) Plaintiff has demonstrated that Kafidov used email regularly in his business,

---

[2] I recognize that China has objected to the Hague Convention's provisions permitting service by postal mail, and that the Supreme People's Court of China has taken the position that China's objection extends to service by email. *See Smart Study Co., Ltd. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1395 (S.D.N.Y. 2022), *appeal dismissed sub nom. Smart Study Co. v. HAPPY PARTY-001*, 2023 WL 3220461 (2d Cir. May 3, 2023). However, there is no indication that Ukraine similarly takes the position that its Article 10 objection extends to service by email.

since the only contact information provided on the website is an email address. (*See* ECF 15, Scoolidge Decl. ¶ 4.) It was from that email address that Kafidov sent Plaintiff a message encouraging Plaintiff to become an affiliate partner of Best College Admission Consultants. (*See id.* ¶ 6.) And Plaintiff has shown that email is likely to reach Kafidov, because Plaintiff took reasonable steps to identify Kafidov's email address through a WHOIS search and taking discovery of the domain name registrar for the Best College Admission Consultants website. (*See id.* ¶¶ 8-10.) Plaintiff has also shown that email is likely to reach Kafidov, because Plaintiff's counsel received confirmation demonstrating that the emails sent to contact@bestcollegeadmissionconsultants.com and valeriikafidov@gmail.com were viewed several times after they were sent to the recipient. (*See id.* ¶ 16.)

### D. Plaintiff Reasonably Attempted to Serve Kafidov and Has Shown that the Court's Intervention Is Necessary

Here, Plaintiff attempted unsuccessfully to serve Kafidov by mailing the Hague Service Documents to the Ukraine Central Authority pursuant to the Hague Convention. (*See id.* ¶¶ 12-18.) The Court's intervention by ordering email service is necessary in light of the prevailing war conditions in Ukraine, which have impeded service pursuant to the Hague Convention. *See Associated Energy Grp., LLC v. Ukraine Int'l Airlines PJSC*, No. 23-CV-21036, 2023 WL 7701882, at *1 (S.D. Fla. Nov. 15, 2023) (noting the Ukraine Central Authority has understandably been unable to perfect service on a defendant residing in Ukraine due to the Russia-Ukraine conflict).

### CONCLUSION

Plaintiff's motion for alternative service pursuant to Fed. R. Civ. P. 4(f) is GRANTED, and service of process may be made on Kafidov pursuant to Federal Rule of Civil Procedure 4(f)(3)

by delivering electronic copies of the Summons and AC to the following email addresses: valeriikafidov@gmail.com and contact@bestcollegeadmissionconsultants.com. Additionally, unless otherwise ordered by the Court, all subsequent pleadings and discovery may be served on Kafidov by delivering electronic copies to the following email addresses: valeriikafidov@gmail.com and contact@bestcollegeadmissionconsultants.com.

The Clerk of the Court is respectfully directed to terminate ECF 13.

DATED: March 15, 2024
       New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge